James V. Sansone, Esq. (SBN: 244671)
LAW OFFICES OF JAMES V. SANSONE
1260 N. Dutton Avenue, Suite 135
Santa Rosa, CA 95401
Telephone: (707) 542-5611
Facsimile: (707) 542-5655

Attorney for ALEX R. BORDEN ADMINISTRATOR OF THE ESTATE OF EUGENE E. SILVAS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | ) Case No.: 11-13062 |
| | ) (Chapter 11) |
| | ) |
| MICHAEL WAYNE SILVAS AND JILL | ) |
| RAE SILVAS | ) |
| | ) |
| Debtors, | ) |
| ALEX R. BORDEN ADMINISTRATOR OF | ) A.P. No. 11-1284 |
| THE ESTATE OF EUGENE E. SILVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL WAYNE SILVAS, | ) |
| | ) |
| Defendant | ) |

## STIPULATED JUDGMENT FOR NONDISCHARGEABILITY OF DEBT

Subject to the approval of the United States Bankruptcy Court for the Northern District of California, IT IS HEREBY STIPULATED by and between the plaintiff ALEX R. BORDEN ADMINISTRATOR OF THE ESTATE OF EUGENE E. SILVAS and the debtor and defendant MICHAEL WAYNE SILVAS as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this Stipulated Judgment for Nondischargeability of Debt (the "Stipulated Judgment") pursuant to 28 U.S.C. Sections 157 and 1334, and 11 U.S.C. Section 523.

///

Stipulated Judgment for Nondischargeability of Debt
Page **1** of **5**

2. Venue in this district is proper under 28 U.S.C. Section 1409(a).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

4. This Stipulated Judgment arises in the bankruptcy case styled In re MICHAEL WAYNE SILVAS AND JILL RAE SILVAS pending in this Court, Case No. 11-13062 (the "Bankruptcy Case"). In Schedule "F", filed in the Bankruptcy Case (the "Schedule"), Silvas scheduled the Estate of Eugene E Silvas as an unsecured creditor with a claim in the amount of $1,031,214.00. Plaintiff filed a proof of claim as an unsecured creditor with a non-priority claim in the amount of $1,031,214.00, which did not include accrued interest and attorney fees (the "Borden Claim").

### RECITALS

5. The parties to this Stipulated Judgment are as follows:
   a. MICHAEL WAYNE SILVAS ("SILVAS"); and
   b. ALEX R. BORDEN ADMINISTRATOR OF THE ESTATE OF EUGENE E. SILVAS ("Borden").

6. On or about March 31, 2001, Silvas was appointed by the Superior Court, County of Los Angeles, Case No. EP 005505 (the "Probate Court") as Special Co-Administrator of the Decedent's Estate (the "E. Silvas Probate Estate").

7. Subsequent thereto, on or about June 29, 2001, Silvas was appointed as Co-Administrator of the Silvas Probate Estate.

8. On or about January 18, 2008, Silvas filed a First and Final Account of the E. Silvas Probate Estate. The Probate Court denied this Final Account without prejudice on December 19, 2008.

9. On or about August 27, 2008 Borden filed a petition to remove Silvas as Co-Administrator.

10. On December 19, 2008, the Probate Court removed Silvas and appointed Borden as Successor Administrator to the E. Silvas Probate Estate.

11. On or about August 28, 2009, Borden filed a Petition seeking to surcharge Silvas in the amount of $1,031,214.98, plus attorney fees and costs ("Surcharge Petition").

12. Borden's Surcharge Petition alleged that Silvas made unauthorized and inappropriate distributions, made unauthorized loans from the E. Silvas Probate Estate to himself or to

entities owned by him, all without Probate Court approval or notice to the heirs of the E. Silvas Probate Estate.

13. Silvas did not file any opposition to Borden's Surcharge Petition. On December 19, 2009, the Probate Court granted Borden's Surcharge Petition ("Surcharge Judgment").

14. The Surcharge Judgment was not timely appealed and became final for purposes of enforcement no later than 180 days after December 19, 2009.

15. On August 17, 2011, Silvas filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code, Title 11 of the United States Code, thereby commencing the Bankruptcy Case.

16. On November 11, 2011, Borden filed a Complaint to Determine Nondischargeability of Certain Debts against Silvas in the Bankruptcy Case (the "Nondischargeability Action"). The Nondischargeability Action seeks a determination that the Borden Claim resulting from the Surcharge Judgment in the amount of $1,031,214.98, plus accrued interest from February 2, 2001, and attorneys' fees, is nondischargeable pursuant to 11 U.S.C. Section 523(a)(4).

17. Borden and Silvas have agreed to resolve the Nondischargeability Action on the terms set forth below.

## AGREEMENT

18. The foregoing recitals are true and correct.

19. Silvas hereby stipulates and agrees to the entry of a nondischargeable judgment in favor of Borden and against Silvas, in the amount of $1,031,214.98 plus accrued interest from February 2, 2001, and attorney fees, as allowed by California law, under 11 U.S.C. § 523(a)(4).

20. Notwithstanding the entry of this Stipulated Judgment, Borden, as the holder of the Borden Claim, shall be entitled to participate in any distribution, pursuant to 11 U.S.C. Section 726 and in accordance with the priorities of the Bankruptcy Code, paid by the Chapter 7 trustee appointed in this Bankruptcy Case (the "Trustee").

21. Silvas has received independent legal advice from attorneys of his own choice, with respect to the advisability of executing this Stipulated Judgment.

22. In executing this Stipulated Judgment, each party and its attorneys have made various statements and representations to other parties and their attorneys. Nevertheless, each

Case: 11-01284    Doc# 5    Filed: 02/14/12    Entered: 02/14/12 14:49:29    Page 3 of 5

party specifically does not rely upon any statement, representation, legal opinion, or promises of any other party in executing this Stipulated Judgment, except as expressly stated in this Stipulated Judgment.

23. In the event that any provision of this Stipulated Judgment should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

24. This Stipulated Judgment shall not be modified in any respect except by an instrument in writing signed by all parties hereto and approved by the Court.

25. Each party hereto shall pay its own legal fees, costs, and other expenses incurred in this Adversary Proceeding, and hereby waives any and all claims against all other parties hereto for recovery of said legal fees, costs and other expenses, except for the rights created in this Stipulated Judgment.

26. This Stipulated Judgment may be executed in counterparts and each such counterpart shall be deemed to be an original executed agreement.


IN WITNESS WHEREOF, the parties hereto have each approved and executed this Stipulated Judgment on the dates set forth opposite their respective signatures.

Dated: January 30, 2012                    */s/ Alex Borden*
                                            ALEX R. BORDEN, Plaintiff
                                            ADMINISTRATOR OF THE ESTATE OF
                                            EUGENE E. SILVAS


Dated: January 25, 2012                    */s/ Michael Wayne Silvas*
                                            MICHAEL WAYNE SILVAS, Defendant


Approved as to content and form


Dated: February 14, 2012                   */s/ James V. Sansone*
                                            James V. Sansone
                                            Attorney for ALEX R. BORDEN
                                            ADMINISTRATOR OF THE ESTATE OF
                                            EUGENE E. SILVAS


Dated: January 25, 2012                    */s/ Michael Fallon*
                                            Michael Fallon
                                            Attorney for MICHAEL WAYNE SILVAS

Case: 11-01284    Doc# 5    Filed: 02/14/12    Entered: 02/14/12 14:49:29    Page 4 of 5

## ORDER

Based on the foregoing,

      IT IS SO ORDERED, ADJUDGED and DECREED.

Dated:  February 14, 2012

                                      Alan Jaroslovsky
                                      U.S. Bankruptcy Judge